SCANNED at WVCF and Emailed on
11-13-23 by JG - 65 pages.
(date)    (initials)    (num)

United States District Court
Southern District of Indiana
Terre Haute Division

Juan Joseph FLAGG,
        plaintiff,

V.

R. VanVleet, et al...
        Defendants.

No. 2-23-cv-00458-Jms-MKK

ofc. S. Tierney,
        Defendants.

Screening ofc Richardson,
Hearing ofc C. pope.
        Defendants.

**FILED**

**11/13/2023**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Amended Prisoner
Complaint
42 U.S.C. §§ 1983

1. plaintiff, as well as Defendant's are all located at Wabash Valley Corr. facility. P.O. Box 1111 Carlisle, Indiana 47838.

A.    Grievance Procedure Exhausted.
1.

## Additional Defendants

1. <u>Jack Hendrix</u>, Executive Classification Director.
   Defendant Jack Hendrix at all times relevant to this action is the executive classification Director located at, Indiana Goverment Center South 302, W. Washington St Indianapolis, IN 46204-2738
   Defendant Jack Hendrix is Defined as a person under 42 U.S.C. 1983 && 1983 liable for the violations of federally protected rights while acting under the color of states law 1st, 8th, 14th Amendments, while acting in his individual capacity deprived the plaintiff of his federally protected Rights.

2. <u>Kevin</u> Gilmore, Deputy Warden.
   Defendant **Kevin Gilmore** at all times relevant to this action is the Assistant Deputy Warden located at P.O. Box 1111. Carlisle, IN 47838
   Defendant Kevin Gilmore is Defined a person under U.S.C. && 1983, liable for the violation of federally protected rights while acting under the color of state law, 1st, 8th, and 14th Amendments, Individual Capacity.

1.(A)

# Nature of Claims

1. Defendants Jack Hendrix and Kevin Gilmore indivisually Acted with Deliberate Indifference to the plaintiff Needs for safety by denying facility Transfer approval.

they was soley responsible for assessing the claims made by the plaintiff in his classification appeals. the Only appropiate means was to grant the plaintiff's request to be Transferred prisons.

the plaintiff made both parties aware that he where being Targeted, retaliated against, as well as even being Assaulted by being attacked by inmates to No avail.

The plaintiff made complete Notices about the conditions he was placed in by way of letter and the procedural classification Appeals he advise both defendants who's job it is to concern themselfs with classification issues that he was being Targeted by inmates and officer's, to the point where he was being retaliated against for filing grievances and writing letters. the plaintiff advised both parties that he had been assaulted by inmates and

1.(B)

Targeted by staff. the plaintiff gave the appropiate information for action to be Taken That was corrective in nature. the response was Deliberately Indifferent.

Infact, the response failed to address the safety of the plaintiff in any way shape or form.

Defendant Jack Hendrix actions are grave and unexplainable. the Only viable assessment is the retalliation of the plaintiff Due to his prior Lawsuit filed against Defendant Jack Hendrix. Defendant Hendrix failed to protect the plaintiff from being illegally Targeted, Harrassed, Retaliated against and ultimately Attacked and Assaulted. After being made aware of said Attacks, the plaintiff was approved for a facility Transferr by a facility Head, Jack Hendrix then Denied it for No Rational Reason when it relates to the 8th Amendment to be safe from cruel and unusual conditions. Defendants Kevin Gilmore and Jack Hendrix is Liable for 1st, 8th and 14th Amendment Violations. Jack Hendrix Targeted the plaintiff who previously filed suite and won on it's Merits. i.e... Solitary Confinem ent. These Defendants purposefully left the

4(C)

plaintiff in the illegal situation of an 8th Amendment Violation by being failed to be protected, cruel and unusual conditions, after the plaintiff was approved to be Transferred, placing the mental anguish and pain and suffering to it's most severe degree in turn which made the Conditions that much more Dier.

1(d)

the plaintiff has exhausted all available remidies, including but not limited to, the facility grievance process.

## Jurisdiction and liability.

2.

Comes now, Juan Joseph Flagg, plaintiff pro se, who complains of the defendants, and for his cause of action alleges and says as follows;

The district court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over cases arising under the constitution, laws, or treaties of the United states.

The jurisdiction of the court over the state-law claims is based on the supplemental jurisdiction statue, 28 U.S.C. § 1367(a) which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the

2.

Federal Constitution.

B.  Defendant Parties.

1.  defendant Lead Investigator, R. VanVleet at all times relevant to this action is the Lead Investigator at Wabash Valley Correctional Facility. located in Carlisle, IN address 6908 S. old Highway 41, P.O. BOX - 500, carlisle, IN 47838.
Defendant R. VanVleet is defined a person under 42 U.S.C & 1983 liable for the violations of federally protected rights while acting under color of state law 1st, 8th and 14th Amendments while acting in his indivisual capacity deprived the plaintiff of his federally protected rights.

2.  defendant S. Tierney (ofc. Tierney) at all times relevant to this action is a correctional ofc. ofc. Tierney is defined a person under 42 U.S.C. & 1983, liable for the violation of federally protected rights while acting under the color of state law. 1st, 8th, and 14th Amendments while acting in his indivis-

3.

ual capacity, under the color of state law deprived the plaintiff of his federally protect rights.

3. defendants screening ofc Richerdson, and Hearing ofc Pope of the Disciplinary Board at all times relevant to this action is Disciplinary Hearing Board members at Wabash Valley Correctional Facility. defendant's Richerdson and ofc c. Pope is defined as a person under 42 U.S.C. Z 1983, liable for the violation of federally protected rights while acting under the color of state law. Violating plaintiff's 8th and 14th Amendment rights. In their individual capacity acting.

## Nature of Claims

3.
A. the defendants, R. VanVleet, S. Tierney, and ofc Richerdson and ofc c. pope individually and in their officially capacity acting singular and in conspiracy, circumstantually engaged in conduct

4.

toward achieving the deprivation of the plaintiff's federally protected rights, while acting under the color of state law.

this conduct was to in-part destroy the plaintiff's character, personal achievements, have him assaulted by other Inmates, harrass, verbally assault, and Abuse him, to Retaliate against the plaintiff for engage in use of his 1st amendment right to protect himself against the wanton and legal grave peril bestowed upon the plaintiff by these defendants.

- these defendant's actions singurally alone violates the plaintiff's rights, however when viewed in it's totality with it's cumulative effect defames the plaintiffs federal protected rights.
Defendants failed to protect the plaintiff remained Deliberatly Indifferent to the plaintiff's safety while knowingly calling the plaintiff a child molester falsely, falsely alleging he was watching child porn. Allowing false Disciplinary Conduct charges to proceed against the plaintiff.

Falsely calling the plaintiff a pediphile a snitch and failing to timely react to the plaintiff letters and pleas to protect the plaintiff from specific Attacks

the actions of these defendants are the direct causes for the reasoning the plaintiff being brutally assaulted on multiple accassions.

these defendants where deliberatly indifferent to the plaintiff's federally protect rights. while even retaliating against the plaintiff for pursuing federally protected actions such as; filing grievances, and classification appeals. Contacting Investigators about the targeting, harrassing, retaliating against the plaintiff.

the plaintiff made specific request for the defendant investigator R. VanVleets to protect him from to No Avail

## STATEMENT OF Facts

4. On Nov 14th, 22. while on a scheduled video visit with a friend Kayla, a friend of the plaintiff Kayla was siting at the

6.

foot of her bed. suddenly plaintiff's video visit was unknowingly interupted by Kayla's son T.S. a 7 year old at the time, who is Autistic, has a senses problem, along with O.D.D O.C.D, P.T.S.D as well as other disabilities.

T.S. came from under a blanket on the bed unknowingly, exposing himself completely naked. Immediately, and simultaneously covering himself back up, all while laughing, finding it funny, guffing around.

• the plaintiff, at that very same time put his hand up blocking the screens image while reprimanding T.S. while Kayla panned the phone away from screen and T.S. Which was the best and the most the plaintiff and Kayla could do at that time.

2. (30) Days later. Dec 13, 22 the plaintiff was preparing to take the last day of a 3 day testing period

7.

for the H.i.s.e.T test, previously
Know as the G.E.D. Test.
(High School Equivilancy Test)

- The plaintiff at this point had been
  In the education program for over a
  year, and had he'd passed he'd been
  elgible for the best Job's and programs
  the institution offered. In addition to
  completing his H.i.s.e.T

- The plaintiff had to pass (2) other
  qualifier's before he could Take the
  actual H.i.s.e.T Test. This was a
  big accomplishment for any Inmate
  to be a part of
  the plaintiff had failed those qualifiers
  test several times prior before this
  current time of passing

3.  The plaintiff was located in his cell,
    that had no hot water for over 6 months.
    During these days, the plaintiff started
    to Notice lesions, that grew bigger and
    more painful by the day.

8.

- lesions on hip, under his arm, and on his groin approximately (2) weeks or so earlier before Dec. 13th, 22. the plaintiff had found out he had been infected with mercer and required daily dressing changes and cleaning.

- Usually the plaintiff would use a sink located on the main floor as needed, or on a daily basis for these cleanings. the floor ofc, or the ofc in the control pod will allow the plaintiff out of his cell to clean and or redress his wounds, brush his teeth and wash his face Due to there being no hot water nor a clean flow of cold water.

4. On this particular day, the plaintiff was required to show up for testing at 7:30 a.m - 2:30 pm unlike the usual schooling hours from 12:00p - 2:30 p. the plaintiff wounds had swollen severely and was leaking with pus and needed cleaning. the plaintiff pressed the cell intercom

9

button to advise the ofc that he needed to clean his wounds and to use the hot water to get ready for school. For nearly 10 min there was no response, nor communication, the plaintiff pressed the intercom button again, with no response. 1-2 min later the plaintiff started to yell out of his cell door for the c/o's attention nearly 5 min.

Finally, the plaintiff kicked his cell door (2)$^x$ times. That's when ofc Tierney came over the plaintiffs cell room intercom button telling the plaintiff He don't answer the intercom for child molester's, who like child porn. The plaintiff would not get anythang from him.

° The plaintiff asked to speak with a supervisor, to prevent himself from saying anythang that'll make the situation worse

ofc Tierney made threat's such as; you pedi phile you are going to get your ass

10.

beat. I'm going to let everybody know you where watching child porn on your video visit

I'm writing you up on a disciplinary conduct report, you're going on red-Tag (meaning locked in your cell All day 23-1) until the conclusion of his pending conduct Disciplinary report" concluded

ofc. Tierney Told the plaintiff if he didn't tell him why he wanted a supervisor he could promise him trouble. By taking the plaintiff's Job, write him up False Disciplinary charges, and have the plaintiff Assaulted

The plaintiff asked to speak with a sgt. a supervisor.

the plaintiff was Never allowed to properly clean and or re-dress his wounds. The plaintiff was denied medical treatment by ofc. Tierney. Was Not allowed to complete his last day of testing. Also was written up a class B Major conduct report. The 2nd Highest rule violation, For Tampering with a locking device.

11.

5. AT that time the plaintiff had No Idea Why ofc. Tierney made These False Allegations. Later that day, the plaintiff recieved a printed document from his counselor mosely, from the lead Investigator R. VanVleet, stating the plaintiff's GTL Viapath Video Visits where being suspended perminately Due to a male minor revealing himself totally Nude during the Visit. That, that was his 3rd Violation. There Was No langauge of there being any ability to appeal, challenge that ruling or the wording in this perminate suspension of the plaintiff's Video Visits.

• The plaintiff Immediately contacted by request form, the lead Investigator R. VanVleet, his counselor, Ms. Mosely, his family by phone, the warden by request and letter, as well as threw his family.

6. On Dec 15th, 22 the plaintiff spoke With LT. Uers, (ofc Tierney was off on Dec. 15-16, 22.) Plaintiff's family called the

12.

institution about the matter. Ultimately, the plaintiff was removed from the restricted status placed on him by ofc. Tierney, the matter was viewed as a minor incident instead of a major incident. Plaintiff was elgible to go back to school, keeping his job and clear of any major conduct for over nearly (3) years.

7. Dec 17th 22. ofc. Tierney was back on shift after having (2) Days off, it was now his 3 Day weekend to work. Once ofc. Tierney realized the restrictive measures he'd placed the plaintiff under had been mitigated and removed he reacted harshly, and his actions Taken against the plaintiff became even more Wanton and vigorously personal.

when it became time for education to be let out of their cells around 12p or 12:30p ofc Tierney radio'd into the Plaintiff's cell on his cell intercom, telling the plaintiff, He was not going to

13.

school. He did Not give a fuck who Try to help the plaintiff that, the plaintiff is Fucked. That cant Nobody stop him, he hate child molesters. ofc Tierney told the plaintiff He will see to it that the plaintiff is exposed.

- On that same Day ofc Tierney was posted in the cellhouse Pod Tower, to handle controls. Between 12-2p ofc Tierney left his post, to only come directly to the plaintiffs cell, open his Door and threat-en the plaintiff, Telling the plaintiff your fucked, placing the plaintiff in fear of his life, telling the plaintiff he'd better watch his back. The plaintiff was Assaulted by (2) men that Day.

8. Dec 21, 22. Plaintiff was called out of his cell to be screened for (3) class B Major Conduct Disciplinary rule Violations. All written by ofc. Tierney. All for the very same rule Violations. (2) written after ofc Tierney learned his initial conduct report written on the 13 of Dec 22 had been mitigated to a minor rule Violation

14.

Dec 17, 22  Plaintiff Was targeting the Plaintiff.

ofc. Richerdson Was the screening ofc. of the False Conduct reports written by ofc Tierny, with False charges and rule violations as his silver bullet.

screening ofc Richerdson became Unproffessional with the plaintiff, would Not write nown official Documentary request made by the plaintiff for evidence. Nor would the screening ofc document whu she Denied the request made. When asked to by the plaintiff.

the plaintiff was allowed to call for a sgt. Henderson as a witness. Immediately after the request for sgt. Henderson as a witness screening ofc. Richerdson became rude, disrespectful, and Terminated the plaintiffs screening of the remaing conduct reports and stated to the Plaintiff, I heard about that Nasty shit you did that was a kid.

Plaintiff pleaded for the screening ofc to contact the investigators to get more

15.

Informed about ofc Tierney's Targeting and retaliation against the plaintiff, ofc richerdson threatend the plaintiff leave or else.

9.  <u>Dec 28th, 22</u>. Plaintiff Disciplinary hearing was held by ofc c. Pope, Regarding the False Disciplinary conduct charges brought by ofc Tierney.
Plaintiff submitted as evidence, a witness statement from ofc. Tierneys supervisor sgt. Henderson, (a superior) sgt. Henderson stated the plaintiff did nothing wrong that, the room the plaintiff lived in has a defective door that the door was defective before the plaintiff even moved into that cell, (over a year earlier)
During the hearing the plaintiff, stated I stand on sgt. Hendersons witness statement, that internal investigators has a log of ofc Tierney retaliation agains the plaintiff.

•  Hearing ofc c. Pope found the plaintiff guilty; took the plaintiff's commisary

16.

privilages for (30) days, telephone privila
s for (30) Days, took the plaintiff ability
to message to and recieve messages from
his family for (30) days.
Kicked the plaintiff out of school as a result
of the guilty finding, took the plaintiff
pay and income, stating to the plaintiff
stating to the plaintiff, that is a innoc-
ent child that shit is Disgusting get
out of here.

After leaving the disciplinary hearing walking
to his cell-house walked into his counselor
and case Manager Ms. Porter and Ms. Mosely
advising them of the events that had
been taking place, that he was being
Targeted and retaliated against by ofc Tierner
and D.H.B member's Richerdson and c.-
pope. That he'd been Assaulted, beaten
because of the False claims. Counselor
Mosely stated, "she dont care, saying she
alike ofc Tierney dont like child predators
case manager Porter was laughing
stating to the plaintiff Not cool, that is
a child. the Plaintiff tried to explain
17.

that they had the matter mistaken, that he wrote Internal Investigator to re-review the matter and wanted a grievance because to date he had NOT recieved any response from R. VanVleet the lead Investigator. The plaintiff was told by case manager Porter that, that matter is a Ungrievable matter. The plaintiff would just have to wait on a response.

10. Within the Next (2) weeks the plaintiff was moved to a disciplinary restrictive cellhouse. Had No chow line movement No medline movement. Only interacted with 20-30 people opposed to the 100-200 Inmates. where he'd just been housed.
    he was re-classed to a higher security threat level for Nearly (3) months. Suffered Depression. Tried to commit Suicide. Sent to Suicide Watch.

By the time of early march, the plaintiff had wrote Internal Investigator R. VanVleet for Nearly (90) Days. R. VanVleet failed to protect the plaintiff. The Video Visit

18.

was harmless even in it's most objective
clear view. A reasonable overseer would NOT
had took the plaintiff's video visits.

11. FEB 13, 2023. The Plaintiff only after
filing a grievance received a response
from Lead Investigator R. VanVleet, that
the plaintiff's video visit's where
being reinstated.

• The plaintiff was relocated from the
restricted housing Unit, a higher security
level placement, after he returned from
suicide watch, and was moved back to
the education cellhouse P-Left side.

• The plaintiff's Disciplinary guilty findings
where Dismissed and expunged Due to the
initial written witness statement produced
by Sgt Henderson. Once reviewed on
appeal of The plaintiff's guilty finding.

12. The Plaintiff was Assaulted a 2nd time
Mid-April - Early May, News broke that
ofc. Tierney was fired for having warrants

19.

In other Counties in Indiana and Ohio, and the plaintiff was alleged by ofc, and Inmates to be a snitch who got ofc Tierney fired.

The plaintiff saw and spoke to the Warden personally about attacked and Targeted pleading with him to be Transferred prisons because the prisons ofc has told Inmates lies to target the plaintiff and his safety being at jeopardy.

13. The plaintiff Never recieved his back pay as Policy states after having the record expunged from his prison Data bank. Never was placed back in school as policy ensures Once the False charges where dismissed.

Instead the plaintiff has been futhur retaliated against. By being reclassed to a more Toiling Job placement, more Intrusive working in The (P.K.) production Kitchen from 3:30a – 4:00pm even 4:30p some days. The Plaintiff No matter how

20.

long or hard he works in the Kitchen
he will Never be able to work for the
jobs where he cold make 9$ Dollar or
12$ dollars a hour without his G.E.D.
no matter how long he stays Out of
trouble.

In fact, the plaintiff makes the law
and while working for the P.K. 88.00$
dollars a month.

if he had a G.E.D. he'd be elgible to
make 135.00 dollars a month.

As a result of a gross misunderstand
ing and a lack of review, deliberate Indi-
fference The plaintiff's federally protected
rights has been violated

See; Stoecker V. Hoppenstedt,
2018 U.S. Dist Lexis 95277

21.

5/5/23

The plaintiff spoke with the warden about being Targeted, retaliated, and attacked by inmates and request a Transferr, the plaintiff even advised him that he filed classification appeals in the past for a Transfer and that the reply's where Disfactory and failed to keep him safe.

the plaintiff also advised the warden that on 5/2/23 He was Attacked and had a busted nosed and had his jaw struck several times. that he was kicked in his face and head and that it was the second time he has been Attacked that he was being accussed of being the reason ofc Tierney was fired that officers Just as ofc Tierney was Telling inmates I was a snitch and the plaintiff was a pediphile.

the warden Vannihel advised the plaintiff he would investigate the matter. On 5/9/23, the plaintiff was advised by the facility classification Department that he was approved for Transfer.

the matter was forwarded to Indpls, Classification Department which is where the plaintiff's approved Transfer reached the Desk of Jack Hendrix who the plaintiff had previously sued and had to be re-approved for Trans

22.

fer by Defendant Hendrix who then Denied the Transfer of the plaintiff and every single reason Used as to why was Unreasonable and Defendant hendrix lied about the reality of reasoning for his Denial. He used all the Conduct reports that officer Tierney wrote and the plaintiff was found guilty of. However, Defendant's Tierney false charges and guilty findings where **Dismissed** on, 2/2/23 the Denial of the plaintiffs Transfer by Defendant Hendrix was on 5/26/23 Based on being found guilty of false charges brought All by Defendant Tierney who the plaintiff sought transfer from the Conditions hed placed him Under.

The Defendant Hendrix Acted with Deliberate Indifference to the plaintiffs safety and the fact's regarding his decision making denying the plaintiffs Transfer.

The plaintiff wrote the Defendant several times nearly 30x to no avail. Has Had his family call the office of Defendant Hendrix He Has therefore maintained his position to leave me in a Unsafe, Condition knowing that there are real threats to the plaintiff person and life.

23.

# Summary of Claims

## Lead Investigator VanVleet.

The lead Investigators language in his document to take the plaintiffs video visits perminately is, in-part no-doubtedly the reason for the fore seeable future the plaintiffs safety will always be in jeopardy. STATING that was my 3rd time which was misleading. the plaintiff had <u>never</u> had his video visits suspended for any violation regarding a minor.

moreover, the lead Investigator Deliberate Indifference to the plaintiffs letters, family calls, and the Law, pretaining to the plaintiff's safety.

  the fact the plaintiff was attacked and Assaulted, even retaliated against by officer Tierney, False claims and False charges. Telling inmates over 50 that the plaintiff was watching child porn During a Video Visit.

R VanVleet told the plaintiff and his family it would take no more then One Week to have the video visit reviewed to Assess if it was a harmless visit and a matter he'd have fixed such that be the case. After 1st week of

24

No reply even after letters and calls. On a daily basis Defendant Hendrix Did NOT Keep his word Never responding again until atmost over 90 Days and being forced to by the grievance officer.

by the time he'd replied and had the plaintiff's Video Visits reinstated the plaintiff had been Assaulted by inmates, spit on, had his property Taken, written up on False Disciplinary charges. Retaliated against by officer Tierney. Kicked Out of school, loss All his privilages, had his security level hieghtend, placed on suicide watch.

R. VanVleet while Acting under the color of the Law in his indivisual capacity Violated the plaintiff's 1st, 8th and 14th Amendments.

by failing to protect the plaintiff after recieving due notice of the after and before math of events. The faulty review of the Video Visit Led to Much more severe problems. Such as the consist Labling of the plaintiff as a child molester who was watching child porn and being Assaulted. R. VanVleet Did Not Care That The plaintiff was being Targeted or Attacked.

## Officer Tierney

Defendant Tierney while acting under the color of the law, in his individual capacity violated the plaintiffs 1st, 8th, and 14th Amendments.

Defendant Tierney learned about the plaintiff's video visit suspension, sought out, and targeted the plaintiff who was vulnerable to be severely injured. Falsely stating to over 50 inmates over an intercom connected to every cell and in person, while visable to the plaintiff to other inmates that the plaintiff lost his video visits because he got caught watching child porn. stating that the plaintiff was a pediphile.

Defendant Tierney wrote false disciplinary conduct reports, against the plaintiff. Sabotaging the plaintiff's character, reputation making him a target falsely labling the plaintiff a snitch for the plaintiff writing grievances about Defendants actions. Telling inmates they wont be disciplined for retiliating against the plaintiff.

the plaintiff was ultimately attacked on (2) seperate occassions. Dec 16th, 22 and May 2~d 23. Both times jumped by two individuals.

26

Defendant Tierney failed to protect the plain'
tiff and subjected him to the most severe
set of conditions and circumstances he could.
which violated the plaintiffs Constitutional
Rights. With the filing of false charges.
Defendant Tierney made staff and Inmates alike
those who indulged subject the plaintiff to
such a mental anguish and pain and suffering
that he went to Suicide Watch and and seek
mental Health Therapy on a regular.
the plaintiff till this Day faces retiliation
and Targeted by staff and Inmates.


## Disciplinary Hearing Member's.

Defendant officer Richardson.
screened the plaintiff's Disciplinary Conducts
for the false claims and reports made by
Defendant Tierney. 3 False reports made.
        Defendant Richardson Only after reading
the plaintiff's Due process rights partially read
only One of the 3 written Disciplinary reports
After Asking to Call Sgt. Henderson as a
witness, Defendant Richardson Attitude and

Demeanor changed, the plaintiff requested that the screening ofc review the Door in question by ofc Tierney, and review the work orders placed on the Door the request was Denied without being documented as requested by the plaintiff in which he has a right to, to Document the plaintiff actually made the request.

Defendant Richardson became beligerant and angry and Terminating the plaintiff's screening process not reading the additional 2 reports Denying him the ability to have Notice of claims made Terminating anything futher stating to the plaintiff I heard about that nasty shit you did with that kid. Allowing false Disciplinary charges to proceed. Defendant Richardson violated the plaintiff's 8th and 14th Amendment Rights placing the plaintiff under cruel and unusual Conditions and Denying him Due process, and failing to protect the plaintiff from staff's Due process Violations.

Defendant officer Pope

Defendant pope Held the hearing's and although the plaintiff produced substantial evidence that cleared him of any wrongdoing, she

28

refused to give it any weight and held to give the plaintiff right to remain silent any legitiamacy Even stating to the plaintiff thats an innocent child that shit is disgusting get out of here. after finding the plaintiff guilty, of false Disciplinary charges and claims ultimately the charges and Disciplinary findings where Dismissed after the Administration reviewed the initial witness statement for the plaintiff by officer Tierneys supervisor Sgt Henderson. Supporting the claims, charges made and brought which the plaintiff was found guilty on by Defendant pope where Bogus.

The Disciplinary charges brought where ultimately expunged.

Defendant pope failed to protect the plaintiff Violating the plaintiffs 8th Amendment As well as Denied the plaintiff Due process right Violating the plaintiffs 14th Amendment.

Allowing false Disciplinary Conducts to proceed knowingly and with Deliberate Indifference to the Truth, or the Law.

Juan Llerga.
11/6/23

29.

C.     JURISDICTION

[✓]    I am suing for a violation of federal law under 28 U.S.C. § 1331.
                    OR

[ ]    I am suing under state law. The state citizenship of the plaintiff(s) is (are)
       different from the state citizenship of every defendant, and the amount of
       money at stake in this case (not counting interest and costs) is
       $_____.

D.     RELIEF WANTED

       Describe what you want the court to do if you win your lawsuit.  Examples may
       include an award of money or an order telling defendants to do something or
       stop doing something.

• I am asking for the relief of 350.000 thous-
and Dollars from each Indivisual Defendant
in compensatory damages, in ther Indivisual
capacity.

• I am asking for the relief of 500000 thousand
Dollars in ther Indivisual capacity for
punitive damages

• Immediate Transfer from wabash Vailey
Corr facility.

Complaint - 4

E.    JURY DEMAND

☑    Jury Demand - I want a jury to hear my case

OR

☐    Court Trial – I want a judge to hear my case

Dated this 6th day of November 20 23.

Respectfully Submitted,

_____
Signature of Plaintiff

_____121969_____
Plaintiff's Prisoner ID Number

P.O. Box 1111  Carlize, IN 47838
_____

_____
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☐    I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐    I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.